**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TONI LEE CAVANAGH, ESQUIRE,** **DENISE McCRAE, ESQUIRE,** **NICHOLENA RUSHTON, ESQUIRE,** Individuals, by and on behalf of themselves and all persons similarly situated, | CIVIL ACTION NO.: 2:22-CV-03174-JMY |
| Plaintiffs, | |
| v. | |
| **COUNTY OF DELAWARE,** | |
| Defendant. | |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS'**
**COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant County of Delaware, by and through its undersigned counsel, respectfully moves this Court to dismiss, with prejudice, certain claims asserted against Defendant, specifically: (1) Count 2 (PA Equal Payment Law) in its entirety; (2) Plaintiffs' demand for punitive damages asserted under Counts 2, 3 and 4; (3) Plaintiffs' claims for all alleged non-pay-related discriminatory acts; and (4) Plaintiffs' demand for damages for their pay-related claims which accrued outside of the statutory period. The reasons for this motion are set forth in the attached Brief in Support of Defendant's Motion for Partial Dismissal of Plaintiff's Complaint.

Dated: November 1, 2022          Respectfully submitted,

*/s/Meredith S. Dante*
Meredith S. Dante (ID No. 209119)
Elizabeth K. McManus (ID No. 210274)
dantem@ballardspahr.com
mcmanuse@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant County of Delaware*

**<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 2

    A.    NAMED PLAINTIFFS AND THE COUNTY PUBLIC DEFENDER'S OFFICE ........................................................................................................ 2

    B.    FACTS GERMANE TO PLAINTIFF'S PAY-RELATED ALLEGATIONS ............................................................................................ 3

    C.    FACTS GERMANE TO PLAINTIFF'S NON-PAY RELATED CLAIMS ......... 4

III. LEGAL ARGUMENT ................................................................................................. 5

    A.    LEGAL STANDARD ........................................................................................ 5

    B.    PLAINTIFFS ARE NOT COVERED BY THE PENNSYLVANIA EQUAL PAY LAW AND COUNT 2 MUST BE DISMISSED. ........................... 5

    C.    PUNITIVE DAMAGES MAY NOT BE IMPOSED ON A MUNICIPALITY; PLAINTIFFS' DEMAND FOR THE SAME IN COUNTS 3, 4 AND 5 MUST BE DISMISSED. .................................................. 6

    D.    PLAINTIFFS NON-PAY TITLE VII, PENNSYLVANIA HUMAN RELATIONS ACT, AND SECTION 1983 CLAIMS MUST BE DISMISSED TO THE EXTENT THEY ARE GROUNDED IN DISCRETE ACTS. ............................................................................................. 7

        1.    Failure to Plead Acts within the Statutory Period ...................................... 8

        2.    Failure to Plead Sufficient Facts ................................................................ 9

    E.    PLAINTIFFS' CANNOT SEEK DAMAGES FOR THEIR PAY-BASED CLAIMS OUTSIDE OF THE APPLICABLE STATUTES OF LIMITATIONS ................................................................................................ 10

        1.    Plaintiffs Cannot Plead Facts Sufficient to Rely on the Discovery Rule to Delay the Accrual Date of Their Claims. ..................................... 11

        2.    Plaintiffs Cannot Plead Facts Warranting Equitable Tolling................... 12

IV. CONCLUSION ......................................................................................................... 13

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Federal Cases**

*AMTRAK v. Morgan*,
536 U.S. 101, 122 S. Ct. 2061 (2002) .................................................................................8, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .........................................................................................................5

*Atkinson v. Lafayette College*,
460 F.3d 447 (3d Cir. 2006) ...........................................................................................8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................................................................5

*Brandow Chrysler Jeep Co., v. DataScan Techs.*,
511 F. Supp. 2d 529 (E.D. Pa. 2007) ...........................................................................11

*Cap v. Lehigh Univ.*,
433 F. Supp. 1275 (E.D. Pa. 1977) ...............................................................................6

*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3d Cir. 2016) ...........................................................................................5

*Cunningham v. Albright Coll.*,
No. 5:20-cv-01429, 2021 U.S. Dist. LEXIS 100331 (E.D. Pa. May 27, 2021) ....................12

*Fuentes v. Perskie*,
32 F.3d 759 (3d Cir. 1994) .............................................................................................10

*Jones v. City of Phila.*,
No. 04-85, 2006 U.S. Dist. LEXIS 13705 (E.D. Pa. Mar. 28, 2006) ....................................6, 7

*Knox v. PPG Indus.*,
No. 2:15-cv-1434, 2016 U.S. Dist. LEXIS 7562 (W.D. Pa. Jan. 22, 2016) ...........................10

*Langley v. Merck & Co.*,
186 F. App'x 258 (3d Cir. 2006) ...................................................................................9

*Lauterborn v. R & T Mech., Inc.*,
No. 4:CV-05-0541, 2006 U.S. Dist. LEXIS 2138 (M.D. Pa. Jan. 3, 2006) ...........................13

*McDowell v. Potter*,
Civil Action No. 07-673, 2008 U.S. Dist. LEXIS 6407 (W.D. Pa. Jan. 29,
2008) ..............................................................................................................................8, 9

*Newport v. Fact Concerts*,
    453 U.S. 247 (1981).................................................................................6

*Novielli v. TREC Group, Inc., et al.*,
    Case No. 16-1247, ECF No. 12 (E.D. Pa. May 20, 2016) .....................................5, 6

*O'Donnell v. Vencor Inc.*,
    466 F.3d 1104 (9th Cir. 2006) ................................................................13

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
    38 F.3d 1380 (3d Cir. 1994)................................................................11, 13

*Perry v. Commonwealth*,
    328 F. App'x 785 (3d Cir. 2009) .............................................................12

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008).....................................................................2

*Pollard v. Wawa Food Mkt.*,
    366 F. Supp. 2d 247 (E.D. Pa. 2005) ..........................................................7

*River Road Dev. Corp. v. Carlson Corp.-Northeast*,
    1990 U.S. Dist. LEXIS 6201, 1990 WL 69085 (E.D. Pa. May 23, 1990)..................5

*Robinson v. City of Pittsburgh*,
    120 F.3d 1286 (3d Cir. 1997)....................................................................9

*Robinson v. County of Allegheny*,
    404 F. App'x 670, 673 (3d Cir. 2010) .......................................................10

*Rogers v. E. Lycoming Sch. Dist.*,
    No. 4:17-0696, 2017 U.S. Dist. LEXIS 183618, at *10 (M.D. Pa. Nov. 6,
    2017) ...............................................................................................7

*Rosa v. Pocono Med. Ctr.*,
    No. 3:11-CV-27, 2011 U.S. Dist. LEXIS 46173 (M.D. Pa. Apr. 29, 2011)............8

*Ruehl v. Viacom, Inc.*,
    500 F.3d 375 (3d Cir. 2007)................................................................12, 13

*Schengrund v. Pa. State Univ.*,
    705 F. Supp. 2d 425 (M.D. Pa. 2009) ....................................................12, 13

*Silverman v. Lehigh Univ.*,
    No. 75-3490., 1976 U.S. Dist. LEXIS 13808 (E.D. Pa. Aug. 3, 1976) ...............5, 6

*Udujih v. City of Philadelphia*,
    513 F. Supp. 2d 350 (E.D. Pa. 2007) ..........................................................7

*Wallace v. Kato*,
 549 U.S. 384, 387 (2007)............................................................................10

*Werner v. Werner*,
 267 F.3d 288 (3d Cir. 2001)........................................................................3

**Federal Statutes**

29 U.S.C. § 216(b) ............................................................................................6

29 U.S.C. § 255(a) ......................................................................................10, 11

42 U.S.C. § 1981a ............................................................................................6

42 U.S.C. § 2000e-5(e) ....................................................................................10

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*.................... *passim*

Equal Pay Act, 29 U.S.C. § 206......................................................................2, 5, 6 10

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ..........................................5, 6

**State Statutes**

43 P.S. § 336.2(a)............................................................................................5

43 P.S. § 336.5 ................................................................................................6

43 Pa. Cons. Stat. §§ 959(h) ..........................................................................10

2008 Pa. Laws 3, § 102 ..................................................................................12

2008 Pa. Laws 3, § 901 ..................................................................................12

Pennsylvania Equal Pay Law, 43 P.S. § 336.1, *et seq.* .................................1, 2, 5, 6, 13

Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ..............................2

Pennsylvania Right-to-Know Law, 2008 Pa. Laws 3, *et seq.*............................3, 12, 13

**Rules**

Fed. R. Civ. P. 8(a) ..........................................................................................5

Fed. R. Civ. P. 12(b)(6)....................................................................................5

Fed. R. Civ. P. 12(f)..........................................................................................5

Fed. R. Evid. 201 ............................................................................................2

Fed. R. Evid. 201(b)..................................................................................................................3

**Constitutional Provisions**

U.S. Constitution 14th Amendment.......................................................................................2, 4, 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TONI LEE CAVANAGH, ESQUIRE,**<br>**DENISE McCRAE, ESQUIRE,**<br>**NICHOLENA RUSHTON, ESQUIRE,**<br>Individuals, by and on behalf of<br>themselves and all persons similarly situated, | CIVIL ACTION NO.:<br>2:22-CV-03174-JMY |
|                Plaintiffs, | |
|      v. | |
| **COUNTY OF DELAWARE,** | |
|            Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendant County of Delaware submits this Brief in Support of Defendant's Motion for

Partial Dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I.      INTRODUCTION

The crux of Plaintiffs'—and public defenders—Toni Lee Cavanagh, Denise McCrae, and

Nicholena Rushton's (together, "Plaintiffs") putative class and collective action Complaint filed

against their employer, the Delaware County Public Defender's Office (the "County" or

"Defendant") is that they were paid less than similarly-situated male attorneys by the County for

comparable work.  In addition to Plaintiffs' claims of unequal pay, the Complaint also contains

untimely and factually unsupported averments that Plaintiffs were treated less favorably than male

colleagues with respect to certain discrete acts such as promotions, office assignments, and

performance reviews.

For these claims, Plaintiffs seek relief under the federal Equal Pay Act (Count 1), the

Pennsylvania Equal Pay Law (Count 2), Title VII of the Civil Rights Act (Count 3), the

Pennsylvania Human Relations Act (Count 4), and the 14th Amendment of the U.S. Constitution (Count 5).  Defendant files the instant Motion for Partial Dismissal in order to:

- Dismiss Count 2 of the Complaint in its entirety because, as a matter of law, Plaintiffs cannot recover under both the Equal Pay Act and the PA Equal Payment Law;

- Dismiss Plaintiffs' demand for punitive damages asserted under Counts 2, 3 and 4 because such damages are not available as a matter of law against the County as a municipality;

- Dismiss Plaintiffs' claims for all alleged non-pay-related discriminatory acts as both time barred and, in the alternative, factually insufficient; and

- Dismiss Plaintiffs' demand for damages for their pay-related claims to the extent the damages sought in the Complaint fall outside the time period prescribed by the applicable statutes of limitation.

Each of the above must be dismissed with prejudice because they fail to state a claim as a matter of law and any proposed amendment would be futile under the circumstances.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## II.    <u>STATEMENT OF FACTS</u>[1]

### A.    NAMED PLAINTIFFS AND THE COUNTY PUBLIC DEFENDER'S OFFICE

Plaintiffs allege that the County "is one of the Commonwealth of Pennsylvania's 67 counties," and that the County's Public Defender's Office ("PDO") "provides legal defense in the criminal, juvenile, delinquency, domestic and mental health systems in the County for eligible persons."  (ECF No. 1 ¶¶ 6–7).

---

[1]    For purposes of the instant Motion to Dismiss, Defendant accepts as true the facts as stated by Plaintiffs in their Complaint and incorporate those facts herein, as well as any relevant facts which may be judicially noticed under Fed. R. Evid. 201. Any reference to facts in this Section II, or as needed throughout this Memorandum, is not an admission by, or an agreement of, Defendant as to the veracity of the facts pled in Plaintiffs' Complaint.

Plaintiffs Toni Lee Cavanagh, Denise McCrae, and Nicholena Rushton are attorneys who are all current or former employees of the PDO.  (ECF No. 1 ¶ 18).  Plaintiff Cavanagh began working for the Public Defender's Office in 2004 as an Assistant Public Defender.  (*Id.* ¶ 26).  Plaintiff McCrae was hired by Defendant in 2003 as an Assistant Defender – Criminal Defense, and resigned from her position with the Public Defender's Office in 2021.  (*Id.* ¶ 29).  Plaintiff Rushton was hired in 2001 to work for Defendant as an Assistant Defender – Criminal Defense.  (*Id.* ¶ 26).

**B.   FACTS GERMANE TO PLAINTIFF'S PAY-RELATED ALLEGATIONS**

As a County of the Commonwealth of Pennsylvania, Defendant is required by Pennsylvania state law to make data regarding its employees' compensation available to the public.  *See* 2008 Pa. Laws 3, *et seq.*  As such, pay data for Defendant's employees, including but not limited to the named Plaintiffs in this matter, has been publicly available since at least February of 2008.  *See id.*[2]  Despite this fact, Plaintiffs allege that they became aware of their male colleagues' salaries in or around 2021, when Defendant relayed salary data for its employees to the United Auto Workers International Union (the "Union").  (ECF No. 1 ¶¶ 24–25, 52–53).  Plaintiffs allege that these salary disparities between male and female attorneys employed by Defendant continued "through at least 2020." (*Id.* ¶ 49).

While seemingly alleging that they only became aware of the alleged pay disparity in 2021 via interaction with the Union (*Id.* ¶¶ 24–25, 52–53), Plaintiffs separately aver they were aware of gender disparities at the PDO "at various times during their respective tenures," being told that

---

[2]      "A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute," including facts "generally known within the jurisdiction of the trial court," or facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (citing Fed. R. Evid. 201(b)).

their "public defender jobs are considered 'second jobs' for females because their husbands work" (*Id.* ¶ 61) and that there passed over for promotions for more junior male attorneys in both 2003–2004 and 2012–2014 (*Id.* ¶¶ 32, 58).

## C.  FACTS GERMANE TO PLAINTIFF'S NON-PAY RELATED CLAIMS

In addition to their pay-related claims, Plaintiffs assert that they have been treated unequally with respect to "conduct and management policies . . . promotions, office assignment, performance review [sic], [and] benefits of employment" (*Id.* ¶¶ 129, 126, 143) in violation of Title VII, the PHRA, and 14th Amendment, as follows:

Plaintiff Toni Lee Cavanagh ("Cavanagh"), alleges that:

- She was denied interviews for unspecified "other County positions." (*Id.* ¶ 57).

- She was discouraged from seeking a promotion in 2012–13 by former Office Director Douglas Roger. (*Id.* ¶ 58).

- She had her second office given to a male attorney. (*Id.* ¶ 59).

- "Several years ago" she saw a male attorney with unspecified credentials moved to the appeals unit instead of her. (*Id.* ¶ 59).

- She saw three male employees with unspecified credentials receive promotions "over" her. (*Id.* ¶ 60).

Plaintiff Nicholena Rushton ("Rushton"), alleges that:

- She was passed over for a team leader role by various junior male employees on unspecified dates. (*Id.* ¶ 32).

- She was asked why she was interested in being a team leader by former Director Doug Roger based on what the former Director understood was her desire to have family. (*Id.* ¶ 33).

There are no specific factual allegations related to Plaintiff McCrae with respect to any non-pay related claims.  (*See generally id.*).

## III.   LEGAL ARGUMENT

### A.   LEGAL STANDARD

Claims set forth in a complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) where the plaintiff has failed to state a claim upon which relief can be granted. A plaintiff has failed to state a claim where he/she fails to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Showing," in turn, requires a plaintiff to "raise a right to relief above the speculative level," and present "more than a sheer possibility that a defendant has acted unlawfully[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that pleads facts "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 786 (3d Cir. 2016).[3]

### B.   PLAINTIFFS ARE NOT COVERED BY THE PENNSYLVANIA EQUAL PAY LAW AND COUNT 2 MUST BE DISMISSED.

Plaintiffs allege claims under both the Equal Pay Act ("EPA")—part of the Fair Labor Standards Act—and the Pennsylvania Equal Pay Law ("PEPL"). Plaintiffs plead that they, and Defendant, are covered by the Fair Labor Standards Act.  (ECF No. 1 ¶ 111).  But the PEPL exempts from its definition of employee "any person or persons who is or are subject to Section 6 of the Federal Fair Labor Standards Act," such that the state and federal claims are mutually exclusive.  *See* 43 P.S. § 336.2(a); *Silverman v. Lehigh Univ*., No. 75-3490., 1976 U.S. Dist. LEXIS 13808 at *26 (E.D. Pa. Aug. 3, 1976); *Novielli v. TREC Group, Inc., et al*., Case No. 16-

---

[3]     In the alternative, if the Court finds dismissal is not the appropriate remedy, the Court may strike any immaterial or impertinent matter in Plaintiffs' Complaint, or allegations which "have no possible relation to the controversy and may cause prejudice to one of the parties or [that] the allegations confuse the issues," pursuant to Fed. R. Civ. P. 12(f). *River Road Dev. Corp. v. Carlson Corp.-Northeast*, 1990 U.S. Dist. LEXIS 6201, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990).

1247, ECF No. 12 (E.D. Pa. May 20, 2016) (granting the defendant's motion to dismiss plaintiff's PEPL claims on the grounds that the plaintiff was subject to the FLSA and was therefore "excluded from a claim under the Pennsylvania Act.").  Thus, where a plaintiff "invoke[s] coverage" of the FLSA, the Plaintiff is necessarily "excluded from a claim under the Pennsylvania Act." *Cap v. Lehigh Univ.*, 433 F. Supp. 1275, 1283 (E.D. Pa. 1977).

District courts in Pennsylvania routinely dismiss PEPL claims where the plaintiff has pled both federal and Pennsylvania state equal pay actions, and the same result is warranted here.  *See id.* at 1284 (dismissing a plaintiff's PEPL claim on the grounds that Plaintiff pled a violation of the Federal Equal Pay Act); *Silverman v. Lehigh Univ.*, No. 75-3490., 1976 U.S. Dist. LEXIS 13808 (E.D. Pa. Aug. 3, 1976) (noting federal and Pennsylvania state equal pay claims are mutually exclusive).  Plaintiffs' PEPL claim in Count 2 should be dismissed in its entirety.

## C. PUNITIVE DAMAGES MAY NOT BE IMPOSED ON A MUNICIPALITY; PLAINTIFFS' DEMAND FOR THE SAME IN COUNTS 3, 4 AND 5 MUST BE DISMISSED.

Plaintiffs' demands for punitive damages are improper against Defendant, a municipal government.  As an initial matter, punitive damages may only be awarded where authorized by statute.  *See Newport v. Fact Concerts*, 453 U.S. 247, 259 (1981). No statute under which Plaintiffs sue authorizes punitive damages against a state Defendant.  *See* 42 U.S.C. § 1981a (authorizing punitive damages against a defendant found to have engaged in intentional discrimination maliciously or recklessly, unless the defendant is a "government, government agency or political subdivision"); 29 U.S.C. § 216(b) (authorizing compensatory and liquidated damages, but not punitive damages); 43 P.S. § 336.5 (authorizing award of unpaid wages, liquidated damages, attorneys' fees, and a fine for violations of Pennsylvania's Equal Pay Law, but not punitive damages).

District courts within the Third Circuit routinely grant motions to dismiss punitive damages alleged against a municipal defendant. *Jones v. City of Phila.*, No. 04-85, 2006 U.S. Dist. LEXIS 13705, at \*17 (E.D. Pa. Mar. 28, 2006) (granting defendant's motion to strike punitive damage allegations as to the plaintiff's Title VII, Pennsylvania Human Relations Act, federal Equal Pay Act claims); *Pollard v. Wawa Food Mkt.*, 366 F. Supp. 2d 247, 253–54 (E.D. Pa. 2005) (finding "the PHRA does not provide for punitive damages, regardless of the theory of discrimination" and granting defendant's motion to dismiss plaintiff's punitive damages request); *Rogers v. E. Lycoming Sch. Dist.*, No. 4:17-0696, 2017 U.S. Dist. LEXIS 183618, at \*10 (M.D. Pa. Nov. 6, 2017) (dismissing, with prejudice, the plaintiff's punitive damages claim relating to an alleged 42 U.S.C. § 1983 violation on the grounds that punitive damages are not available against municipalities under § 1983); *Udujih v. City of Philadelphia*, 513 F. Supp. 2d 350 (E.D. Pa. 2007) (granting the City's motion to strike punitive damage request on the grounds that punitive damages are not an available remedy under Title VII, the Pennsylvania Human Relations Act, or § 1983 against a state defendant).

Accordingly, any request for punitive damages in Plaintiffs' Complaint must be dismissed.

**D.   PLAINTIFFS NON-PAY TITLE VII, PENNSYLVANIA HUMAN RELATIONS ACT, AND SECTION 1983 CLAIMS MUST BE DISMISSED TO THE EXTENT THEY ARE GROUNDED IN DISCRETE ACTS.**

All of Plaintiffs' non-pay related allegations (*i.e.*, regarding alleged differential treatment for failure-to-promote, conduct and management policies, office assignments, performance reviews and unspecified benefits of employment (*see* ECF No. 1 ¶¶ 129, 136, 143)) must be dismissed as time-barred discrete acts or, alternatively, because Plaintiffs fail to plead sufficient facts to sustain those claims.

1.      ***Failure to Plead Acts within the Statutory Period***

As an initial matter, the non-pay injuries allegedly suffered by Plaintiffs Cavanagh and

Rushton[4]  unequivocally qualify as "discrete" acts for purposes of Title VII, the PHRA,[5] and the

14th Amendment.  *See AMTRAK v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002) (failure to

promote is a discrete act); *McDowell v. Potter*, Civil Action No. 07-673, 2008 U.S. Dist. LEXIS

6407 (W.D. Pa. Jan. 29, 2008) (listing examples of discrete acts such as termination, failure to

promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of

training, and wrongful accusation and dismissing claims relating to discrete acts that occurred

outside of the statutory period); *Rosa v. Pocono Med. Ctr.*, No. 3:11-CV-27, 2011 U.S. Dist.

LEXIS 46173 (M.D. Pa. Apr. 29, 2011) (striking the plaintiff's allegations as to "specific acts and

incidents listed in the complaint such as failure to promote, failure to train, and moving Plaintiff

to the basement, which fall outside of the limitations period," since they were discrete and time-

barred).

Importantly, Plaintiffs allege ***not one*** discrete act occurring within the statutory period; in

fact, the only discrete acts for which Plaintiffs provide any date or date range are for alleged

failures to promote occurred nearly ***10 years ago in 2012 or nearly 20 years ago, in 2003***. (ECF

No. 1 ¶¶ 32, 58). Nor do Plaintiffs allege they timely filed charges with the EEOC or PHRC based

on these discrete acts. The omission is fatal to Plaintiffs' discrete, non-pay claims because Title

VII and/or PHRA claims premised on discrete acts cannot survive a motion to dismiss where the

---

[4]      Plaintiffs do not allege any specific non-pay injuries for Plaintiff McCrae. (*See generally*,
ECF No. 1).

[5]      It is well-settled that the PHRA is to be interpreted consistent with Title VII. *See Atkinson
v. Lafayette College*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) ("Claims under the PHRA are
interpreted coextensively with Title VII claims."). Accordingly, much Defendant's analysis
applicable to Title VII likewise applies to Plaintiffs' PHRA claims.

plaintiff failed to timely exhaust the applicable available administrative remedies. *See AMTRAK v. Morgan,* 536 U.S. 101, 122 S. Ct. 2061 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.").

Dismissal of Plaintiffs' claims relating to untimely discrete acts must result regardless of whether Plaintiffs succeed on their pay claims, since "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period[.]" *AMTRAK v. Morgan*, 536 U.S. 101, 112 (2002) (emphasizing discrete acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges"); *McDowell v. Potter*, Civil Action No. 07-673, 2008 U.S. Dist. LEXIS 6407, at *9 (W.D. Pa. Jan. 29, 2008) ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

2.      ***Failure to Plead Sufficient Facts***

Even assuming, *arguendo*, that Plaintiffs alleged discrete acts of discrimination unrelated to pay were timely filed, those claims still must be dismissed because Plaintiffs fail to plead sufficient facts to sustain their claims. Indeed, throughout Plaintiffs' Complaint, there are only vague and conclusory assertions of alleged discriminatory actions that are devoid of the factual specificity necessary to maintain the claims in federal court.

For example, Plaintiff Cavanaugh alleges that her second office was given to a male attorney (ECF No. 1 ¶ 59), but that does not rise to the level of an actionable adverse action.  *See Langley v. Merck & Co*., 186 F. App'x 258, 260 (3d Cir. 2006) (noting that the fact that an employee's "title, office, reporting relationship and responsibilities may have changed" is "insufficient to make [a] reassignment an adverse employment action.") (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997)).

In addition, for a successful failure-to-promote claim, a plaintiff must prove: (1) membership in a protected class; (2) qualification for a specific position for which her employer sought applicants; (3) rejection for the position despite the plaintiff's qualifications; and that (4) the position remained open and available for persons with plaintiff's qualifications. *See Knox v. PPG Indus.,* No. 2:15-cv-1434, 2016 U.S. Dist. LEXIS 7562, at *16 (W.D. Pa. Jan. 22, 2016) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)).  Plaintiffs here only sufficiently alleged the first element—membership in a protected class—but the Complaint is devoid of any allegations regarding the respective credentials of the Plaintiffs vis-à-vis the positions at issue and other applicants; instead, they refer only in vague strokes to seniority. (*See e.g.*, ECF No. 1 ¶¶ 55–62).

Finally, there are no factual allegations in the Complaint whatsoever to support any discrimination claim regarding "conduct and management policies, performance reviews and unspecified benefits of employment" (*see* ECF No. 1 ¶¶ 129, 136, 143) and those conclusory assertions must also be dismissed.

## E.   PLAINTIFFS' CANNOT SEEK DAMAGES FOR THEIR PAY-BASED CLAIMS OUTSIDE OF THE APPLICABLE STATUTES OF LIMITATIONS.

In the absence of willfulness, the statute of limitations applicable to Plaintiffs' pay-related claims under the Equal Pay Act, Title VII, PHRA, and Section 1983 is two years.  *See* 29 U.S.C. § 255(a) (setting forth a two year statute of limitations for non-willful violations of the Equal Pay Act); 42 U.S.C. § 2000e-5(e) (setting forth a 300-day statute of limitations for Title VII claims); 43 Pa. Cons. Stat. §§ 959(h) (setting forth a 180-day statute of limitations for PHRA claims); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the statute of limitations for Section 1983 claims is dependent upon state law); *Robinson v. County of Allegheny*, 404 F. App'x 670, 673 (3d Cir. 2010) (recognizing a two year statute of limitations for Section 1983 claims).  Even assuming

that Plaintiffs' assertions of willfulness are correct, and Defendant disputes that they are or that they are pled with enough factual specificity to survive a motion to dismiss, Plaintiffs cannot seek recovery for their pay-related claims beyond three years from date they filed this lawsuit. *See* 29 C.F.R. § 255(a).

In their Complaint, Plaintiffs purport to seek recovery for damages dating as far back as 2000. (*See e.g.*, ECF No. 1 at ¶ 95). However, absent extraordinary circumstances, which are not supported by any of the factual pleadings here, the maximum recoverable time period both for Plaintiffs and the class of plaintiffs they seek to represent must be limited to the statute of limitations applicable to Plaintiffs' claims. Therefore, the recovery period for Plaintiffs, if any, would begin on August 9, 2019, at the earliest.

### 1. *Plaintiffs Cannot Plead Facts Sufficient to Rely on the Discovery Rule to Delay the Accrual Date of Their Claims.*

"As a general rule, the statute of limitations begins to run when the plaintiff's cause of action accrues . . . [which] is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff discovers that he or she has been injured[.]" *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994). Here Plaintiffs knew, or had reason to know, of each of the alleged discriminatory acts long before 2021—Plaintiffs' alleged date of discovery. (ECF No. 1 ¶ 25).

It is well-settled that a plaintiff may only delay accrual of a cause of action via the discovery rule until the date plaintiff "discovered **or, by exercising reasonable diligence, should have discovered** (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." *See id.* at 1386 (emphasis added). A plaintiff asserting the applicability of the discovery rule bears the burden of showing why it applies in a pending case. *See Brandow Chrysler Jeep Co., v. DataScan Techs.*, 511 F. Supp. 2d 529, 535 (E.D. Pa. 2007). To survive this

motion to dismiss with respect to the discovery rule, Plaintiffs must "allege facts tending to show that they were unable to identify their claim through the exercise of reasonable diligence." *Id.* Here, Plaintiffs have not, and cannot, plead that they were unable to identify their pay-related claims through the exercise of reasonable diligence.

It is an indisputable fact that pay data for Defendants' employees has been publicly available pursuant to Pennsylvania state law since at least 2008. *See* The Pennsylvania Right to Know Law, 2008 Pa. Laws 3, *et seq.* All that was required for Plaintiffs to obtain the salary data (a "public record" as defined by 2008 Pa. Laws 3, Sec. 102) was to request it via a verbal or written request, to which Defendant, a "Commonwealth agency," was obligated by law to promptly respond. *See* 2008 Pa. Laws 3, Sec. 901. This insurmountable fact, coupled with Plaintiffs' admission that they were allegedly aware of gender-based disparate treatment of women at the PDO in 2003, 2004, 2012 and 2013 (*see* ECF No. 1 ¶¶ 32, 58), dooms any effort by Plaintiff to delay the accrual date of their pay-related claims.

2.     ***Plaintiffs Cannot Plead Facts Warranting Equitable Tolling.***

As a further matter, the extraordinary remedy of equitable tolling cannot apply here to have paused the running statute of limitations. *See Perry v. Commonwealth*, 328 F. App'x 785, 787 (3d Cir. 2009) (noting that "[e]quitable tolling is an extraordinary remedy that we apply sparingly," which "will not apply unless the plaintiff 'exercised due diligence in pursuing and preserving her claim.'"). For equitable tolling to apply, a plaintiff must allege: (1) a mistake of the court misled the plaintiff into believing she had done everything required, or (2) that the defendant had "actively misled" the plaintiff in an "extraordinary way" such that the plaintiff was prevented from timely asserting her rights. *Cunningham v. Albright Coll.*, No. 5:20-cv-01429, 2021 U.S. Dist. LEXIS 100331, at *11 (E.D. Pa. May 27, 2021). "[E]quitable tolling is not an excuse for ignorance; it instead can only be applied upon a plaintiff's showing that 'she could not, by the exercise of

reasonable diligence, have discovered the essential information bearing on [] her claim.'"
*Schengrund v. Pa. State Univ.*, 705 F. Supp. 2d 425, 436 (M.D. Pa. 2009) (citing *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007)); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994) (noting that the discovery rule and equitable tolling doctrine "require a level of diligence on the part of the plaintiff. . . The plaintiff who fails to exercise this reasonable diligence may lose the benefit of either doctrine.").

Here, Plaintiffs have entirely failed to allege Defendant deceived, misled, or suppressed the data at issue, nor could they as pay data for Defendants' employees has been publicly available since 2008. *See* 2008 Pa. Laws 3, *et seq.*  Thus, Plaintiffs have not, nor can they, plead that the running statute of limitations should be tolled due to any mistake or active misleading.  The ongoing nature of the pay checks at issue does not change the above analysis.  *See Lauterborn v. R & T Mech., Inc.*, No. 4:CV-05-0541, 2006 U.S. Dist. LEXIS 2138, at *10 (M.D. Pa. Jan. 3, 2006) ("There is no authority to support Lauterborn's proposition that the continuing nature of the alleged violation alters the standard two-year period set forth in the statute."); *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1113 (9th Cir. 2006) (finding that although an equal pay violation may be continuing in nature, the status of each pay check as a separate violation indicates the equitable tolling doctrines could not apply to permit the plaintiff to recover back pay "outside the applicable statute of limitations period.").

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court: (1) dismiss with prejudice Plaintiffs PA Equal Payment Law claim in Count 2 of the Complaint in its entirety; (2) dismiss with prejudice Plaintiffs' demand for punitive damages asserted under Counts 2, 3 and 4; (3) dismiss with prejudice all alleged claims for non-pay-related discriminatory acts as both time barred and, in the alternative, factually insufficient; and (4) dismiss with prejudice Plaintiffs'

demand for damages for their pay-related claims to the extent the damages sought in the Complaint

fall outside the time period prescribed by the applicable statutes of limitation.


Dated: November 1, 2022          Respectfully submitted,


                                 */s/Meredith S. Dante*
                                 Meredith S. Dante (ID No. 209119)
                                 Elizabeth K. McManus (ID No. 210274)
                                 dantem@ballardspahr.com
                                 mcmanuse@ballardspahr.com
                                 **BALLARD SPAHR LLP**
                                 1735 Market Street, 51st Floor
                                 Philadelphia, PA  19103-7599
                                 Telephone: 215.665.8500
                                 Facsimile: 215.864.8999

                                 *Attorneys for Defendant County of Delaware*

<u>**CERTIFICATE OF SERVICE**</u>

I, Meredith S. Dante, hereby certify that a true and correct copy of the foregoing Motion for Partial Dismissal of Plaintiffs' Complaint, Brief in Support of Defendant's Motion for Partial Dismissal of Plaintiffs' Complaint, and the Proposed Order was filed electronically on the date noted below and is available for viewing and downloading from the ECF system.

Dated: November 1, 2022                      */s/ Meredith S. Dante*
                                             Meredith S. Dante