**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TONI LEE CAVANAGH, ESQUIRE, DENISE McCRAE, ESQUIRE, NICHOLENA RUSHTON, ESQUIRE,** Individuals, by and on behalf of themselves and all persons similarly situated, | CIVIL ACTION NO.: 2:22-CV-03174-MRP |
| Plaintiffs, | |
| v. | |
| **COUNTY OF DELAWARE,** | |
| Defendant. | |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's April 21, 2023 Order for Rule 16 Conference (ECF No. 20), counsel for Plaintiffs Toni Lee Cavanagh, Denise McCrae, and Nicholena Rushton ("Plaintiffs") met and conferred with counsel for Defendant County of Delaware ("Defendant") (together, the "Parties") on January 10, 2023 and April 24, 2023 and submit the following report of their meeting for the Court's consideration:

**1.     Discussion of Claims, Defenses and Relevant Issues**

Each Party separately gives their respective following statement summarizing this case and issues presented:

     **A.**     *Plaintiff's Claims*

In Plaintiff's assessment, the salient and primary issues and facts necessary for the disposition of this case, are as follows. This collective action and class action is brought by Plaintiffs on behalf of themselves and all other similarly situated female attorneys currently and formerly employed by Defendant for violations of the (a) Count One - Equal Pay Act ("EPA"),

29 U.S.C. § 206(d) et seq., (b) Count Three - Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), (c) Count Five - 42 U.S.C. § 1983 to redress the deprivation under color of State law of equal protection rights secured by the United States Constitution ("Equal Protection"), (d) Count Four - Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 et seq., and (e) Count Two - Pennsylvania Equal Pay Law, 43 P.S. § 336 ("PEPL"). Defendant discriminates against Plaintiffs and the collective and class they seek to represent by paying them less than male attorneys for substantially equal work, denying them equal support, development and advancement on the basis of their sex, discriminating against them in other terms and conditions of employment enjoyed by male attorneys employed by Defendant, and the denial of the equal protection of the laws under the United States Constitution.

This action also addresses how Defendant perpetuated the gender pay gap between male attorneys and female attorneys employed by it and fostered discriminatory practices on the basis of sex. This lawsuit seeks an end to Defendant's discriminatory practices and denial of the equal protection of the laws, and an award to make whole Plaintiffs and the class and collective they represent, as well as provide for liquidated damages and all other appropriate relief including but not limited to compensatory damages, emotional distress, and injunctive remedies.

Plaintiffs have alleged that Delco since at least 2000 has maintained, fostered, promoted and sustained systemic discriminatory practices, customs and policies based on the gender of its female public defenders. Defendant has knowingly and willfully engaged in a continuing pattern and practice of compensating male attorneys more favorably than female attorneys. As alleged, there has long been a pattern in the Delco PD Office of paying higher salaries to male attorneys than to female attorneys with more experience.

Various threshold issues are as identified in Defendant's pending Motion for Partial Dismissal of the Complaint (ECF No. 10), Plaintiffs' Opposition thereto (ECF No. 13), and Defendant's Reply (ECF No. 17). Included among those threshold issues are:

    a.    Whether to dismiss Count 2 of the Complaint in its entirety because, as a matter of law, Plaintiffs cannot recover under both the Equal Pay Act and the PA Equal-Payment Law. Plaintiffs have agreed to a stipulated Rule 41 F.R.Civ.P. dismissal of their claims under the Pennsylvania Equal Payment Law asserted in Count Two of the Complaint.

    b.    Whether to dismiss Plaintiffs' demand for punitive damages asserted under Counts 2, 3 and 4 because such damages are not available as a matter of law against the County as a municipality. Plaintiffs have agreed to a stipulated Rule 41 F.R.Civ.P. dismissal of their punitive damages claims under Counts Two, Three and Four

    c.    Whether to dismiss Plaintiffs' claims for all alleged non-pay-related discriminatory acts as both time barred and, in the alternative, factually insufficient.

    d.    Whether to dismiss Plaintiffs' demand for damages for their pay-related claims to the extent the damages sought in the Complaint fall outside the time period prescribed by the applicable [administrative] statutes of limitations.

Additionally, at the conclusion of discovery. Plaintiffs will seek to define and have certified (conditionally or otherwise) their demand for collective and class actions.

**B.**    ***Defendant's Position***

Defendant denies each and every allegation of wrongdoing as alleged by Plaintiffs in their Complaint.  Defendant denies the allegation that it engaged in conduct that violated, or continues to violate, the Pennsylvania Human Relations Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, or the Fourteenth Amendment to the United States Constitution. Defendant disputes Plaintiffs' position that the earliest they could have discovered the facts underlying their claims was in or around August 2020, when relevant data was allegedly disclosed to Plaintiffs' union.  Given Defendant's status as a public entity and subject to

Pennsylvania's Right to Know Law, the information was publicly available, as required by the statute, since 2009.

Defendant further disputes the substance and timeliness of Plaintiffs' allegations regarding non-pay related discrimination claims that allegedly arose from discrete acts of discrimination that were immediately discoverable (e.g., negative performance reviews, undesirable office assignments, or failure to promote allegations).  Accordingly, all allegations of discrete acts of discrimination pled by Plaintiffs represent individual causes of action that were discoverable, and accrued, as of the date of those alleged acts.  Because there are no equitable doctrines that would delay the accrual or extend the deadline to file claims related to such acts, Defendant dispute that Plaintiffs may recover for damages associated with alleged discrete acts of discrimination that occurred outside of the applicable statute of limitations period.

Finally, Defendant opposes Plaintiffs' styling of the action as a proposed class and collective action.  The actions complained of by Plaintiffs are inherently individualized, and Plaintiffs are not adequate representatives for the far-reaching class and collective they seek to represent.  In addition, Defendant's do not believe Plaintiffs will be able to meet Rule 23's requirements, or the certification requirements under the applicable laws.

**2.      Informal Disclosures**

Plaintiffs served their Rule 26(a)(1) initial disclosures on Defendant on October 26, 2022, and Defendant served its Rule 26(a)(1) initial disclosures on Plaintiffs on November 1, 2022.  No other informal or informational disclosures have been made.

**3.      Formal Discovery**

The Parties have not yet undertaken formal discovery given the pendency of Defendant's Partial Motion to Dismiss and the parties' agreement that formal discovery would be held in abeyance pending resolution of that motion (See Attachment A). Given the potential alteration of

the scope of discovery pending resolution of the partial motion to dismiss, the Court previously canceled the Rule 16 Conference following receipt of the parties' request to hold discovery in abeyance pending a ruling on the motion. In the interim, and consistent with the representations in Attachment A, the parties intend to engage in good faith settlement discussions and Defendant agrees to produce certain wage data to Plaintiffs to facilitate ongoing settlement discussions.

The parties respectively describe below the nature of the discovery each proposes and intends to seek:

A.    *Plaintiffs' Proposed Discovery*

The Federal Rules of Civil Procedure prescribe various means (interrogatories, requests for the production of documents, requests to admit, and oral and written depositions) for litigants to undertake discovery.  Plaintiffs intend to use these means of discovery within the provisions of Rule 26, currently as follows and reserves the right to supplement these subjects of discovery:

1.    Information relating to the terms and condition of employment of PDO attorneys for a period of January 1, 2000 to the present ("the Period"); identification of those persons who worked at the PDO as an attorney during the Period and who received an annual salary as an employee of the PDO during the Period; annual salaries paid to PDO attorneys during the Period; job duties and responsibilities of each position or title held by PDO attorneys during the Period; promotions of any PDO attorney received during the Period and date thereof; all PDO attorneys considered for any promotion during the Period but were unsuccessful; demotions received by any PDO attorney during the period; the birth dates of each person employed as a PDO attorney during the Period; each position held by each PDO attorney during the Period; the dates of hire of each PDO

5

attorney during the Period; the annual salary each PDO attorney received during the Period; the date of separation from the PDO of any PDO attorney during the Period; the annual salary increases of each PDO attorney during the Period; identification of those persons who worked as PDO attorneys during the Period and who received disparate annual salaries.

2.    Information relating to the employment policies and practices of the PDO;

3.    Information relating to promotions and demotions in the PDO; duties and responsibilities of the PDO attorneys; the respective titles/positions and authority of each PDO attorney and PDO Managers during the Period; communications with PDO personnel with respect to starting annual salaries and increases thereto; communications by, with, to and from County Officials, PDO administrative personnel and among themselves concerning the pay to PDO attorneys; the current Collective Bargaining Agreement ("CBA") Negotiations; identification of persons who participated in the current CBA Negotiations on behalf of the County with their respective titles/positions and bargaining authority; the number and content of face-to-face negotiation sessions and participants in the current CBA Negotiations; the number and content of all executive negotiation sessions and participants therein taking place in the current CBA Negotiations; the written and recorded minutes of negotiation sessions taking place in the current CBA Negotiations; proposals for additions to, deletions from and modifications of the terms and conditions of

employment of PDO attorneys; complaints, grievances and/or protests by any PDO attorney concerning PDO pay practices, assignment of positions within the PDO, performance reviews, promotions, demotions and/or separations from the PDO.

4. The PDO motivations, purposes and intentions with respect to PDO annual salary practices.

5. The damages sought by Plaintiffs and those similarly situated including such things as levels of compensation, income and retirement benefits to which Plaintiffs and those similarly situated would have been entitled if they had been paid commensurate with their male PDO counterparts.

6. Information relating to the following categories: oversight and control of the expenditure of County funds, the County employee payroll, internal audits, retirement and the County's accounting system.

7. Information relating, in whole or in part, to the terms and conditions of employment of PDO attorneys including but not limited to compensation, benefits and other financial data provided by the PDO in response to United Auto Workers Union information requests.

8. Information relating, in whole or in part, to the terms and conditions of the County retirement Plan(s) and accounts as well as the adverse consequence to Plaintiffs by the lower annual salaries paid to them each year of employment and the diminution of their pension benefit upon reaching retirement age as a consequence of a lower annual salary.

9.      The documents, data compilations, and other tangible things in the possession, control or custody of Defendant, other PDO attorneys, PDO management and the County Controller that may be used to support Plaintiffs' claims, including such things as: communications, if any, by, with, to and from the PDO and County personnel concerning the determination and payment of the annual salaries for PDO attorneys; all Electronically Stored Information (ESI) relating to PDO attorneys' basic pay, birth dates, dates of hire, dates of separation, titles and positions held within the PDO.

10.     Demographic materials relating to the proposed collective and class actions.

11.     All of the information described in Rule 26(a)(2) relating to experts, persons who do not provide a written report, or any other person with scientific, technical, or other specialized knowledge of any issue in this case.

12.     Documents, if any, identified by Plaintiffs and Defendant in this Joint Report of the Rule 26(f) Meeting to be prepared by their respective Counsel.

13.     Materials in support of the Plaintiffs' damages claims.

14.     All non-attorney meetings, discussions, communications, correspondence and the United Auto Workers Union regarding the negotiations for a collective bargaining agreement covering Defendant's employees.

15.  Information relating to such things as level of compensation, income and retirement benefits to which Plaintiff and those similarly situated would have been entitled if they received pay equal to their male counterparts.

16.  All administrative charges, complaints, grievances and/or litigation brought against Defendant by any person and/or the United Auto Workers Union alleging denial of equal pay and rights under Title VII and the 14th Amendment.

17.  The form and substance of any notices Plaintiffs and/or any other of Defendant's attorneys were provided during their employment regarding their wages, salaries, promotions, demotions, transfers and/or hours of work.

18.  Documents purporting to be derived from an electronic source relating to the employment of the Plaintiffs including but not limited to the electronic payroll record or computerize time recording system with metadata intact.

19.  Defendant's records maintained with respect to the Plaintiffs' hours worked and wages paid, including but not limited to employment agreements, time-worked records during the Period, work schedules during the Period, payroll during the Period, paystubs for the Period, W-2s during the Period, evaluations of Plaintiffs during the Period, and notices of termination/severance.

20.  Documents purporting to establish Defendant's affirmative defenses.

21.  All other matters that will reasonably lead to the discovery of Defendant's admissible evidence.

22.     All other issues raised by the pleadings.

23.     Any and all documents relating or referring to Parts (1) through (22) immediately above.

Additionally, at the conclusion of discovery. Plaintiffs will seek to define and have certified (conditionally or otherwise) their demand for collective and class actions. It is Plaintiffs' position that discovery should be focused upon all issues and not conducted in phases since the phasing of discovery would delay litigation needlessly and waste judicial resources and time. Merits discovery should not postponed until after the Court has ruled on a motion for collective and class certification. Splitting discovery is inefficient and unworkable from a practical standpoint. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 & n.12 (1978) (noting that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action'" and that "[e]valuation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims."). A preliminary inquiry at the collective and class certification stages (whether conditional or final) may require the Court to resolve disputes going to the factual setting of the case, and such disputes may overlap the merits of the case. Discovery relating to collective and class certification is closely enmeshed with merits discovery and cannot be meaningfully developed without inquiry into the basic issues of the litigation. Bifurcating discovery would needlessly bog down the parties and the Court with duplicative discovery and needless motion

practice to determine whether certain discovery requests are within the scope of a particular discovery phase.

**B.**     *Defendant's Proposed Discovery*

    1.    Whether any individual Plaintiff suffered a legally actionable harm for an alleged violation of the Pennsylvania Human Relations Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and/or the Fourteenth Amendment to the United States Constitution by Defendant.

    2.    Whether any class or collective of individuals putatively represented by the Plaintiffs suffered a legally actionable harm for an alleged violation of the Pennsylvania Human Relations Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and/or the Fourteenth Amendment to the United States Constitution.

    3.    Whether certification of a collective action is proper under 29 U.S.C. § 216(b).

    4.    Whether certification of a class action is proper under Fed. R. Civ. P. 23.

    5.    Whether Plaintiffs' non-pay claims are time-barred.

    6.    Whether Plaintiffs' recovery or damages period(s), if any, are subject to time limitations.

    7.    Whether Plaintiffs' claims are foreclosed by Defendant's affirmative defenses.

    8.    What damages, if any, are owed to Plaintiffs and, if certified, class or collective members.

**C.**     *Sequence and Timing*

    1.    Motions to amend or to add parties to be filed by **June 30, 2023**.

2.       Fact Discovery to be completed by **October 2, 2023**.

3.       Expert reports and discovery:

       a.      Plaintiff's expert report due on **November 8, 2023**.

       b.      Defendant's expert report due on **December 15, 2024**.

       c.      Plaintiffs' rebuttal expert reports, if any, to be served by **January 4, 2024**.

       d.      Expert depositions to be completed by **February 4, 2024**.

4.       Moving motions for summary judgment to be filed by **March 4, 2024.**

5.       The motion(s) for class and/or collective certification (conditional or otherwise) to be filed following the Court's ruling on summary judgment and the parties agree to meet and confer on a schedule for such filings.

**D.**    *Discovery Limitations*

The Parties agree to the following discovery limitations subject to later modification by stipulation or Court order on an appropriate showing:

1.       No more than <u>25</u> interrogatories per party, counted in accordance with Rule 33(a), shall be served on each party.

2.       No more than <u>50</u> document requests shall be served on each party.

3.       No more than <u>25</u> requests for admissions may be served on each party.

**E.**    *Electronic Discovery*

The Parties anticipate that discovery will necessarily involve electronic discovery and the parties do not anticipate any issues in agreeing on the protocol. The parties are in discussions about a limited protective order.

4. **Expert Witness Disclosures**

Expert disclosures shall be subject to the disclosure deadlines set forth above in Paragraph 3(C).

5. **Certification of Settlement Authority**

We hereby certify that the following individuals have settlement authority:

For Plaintiff:

| | |
|---|---|
| Vincent J. Pentima, Esquire | Marc E. Weinstein, Esquire |
| (PA ID No. 18523) | (PA ID No. 79474) |
| **PENTIMA LAW FIRM PLLC** | **WEINSTEIN LAW FIRM, LLC** |
| 30 Rock Hill Road | 500 Office Center Dr., Suite 400 |
| Bala Cynwyd, PA 19004 | Fort Washington, PA 19034 |
| Telephone: (484) 435-2119 (Office) | Telephone: (267) 513-1942 |
| Email: vjp@pentimalaw.com | Email:marc@meweinsteinlaw.com |

For Defendant:

Meredith S. Dante, Esquire (PA ID No. 209119)
Elizabeth McManus, Esquire (PA ID No. 210274)
Ballard Spahr, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Email: dantem@ballardspahr.com
Email: mcmanuse@ballard spahr.com

6. **Alternative Dispute Resolution ("ADR")**

The Parties do not agree to submission of this case to ADR.

7. **Early Settlement or Resolution**

The Parties anticipate engaging in preliminary settlement discussions after the Court's ruling on Defendant's Motion for Partial Dismissal of Plaintiffs' Complaint. The Parties anticipate revisiting settlement options regularly throughout the course of the litigation, with a goal to schedule a mediation or settlement conference within sixty (60) days of the Court's ruling

on Plaintiffs' Motions for Class and/or Collective Certification and/or Defendant's Motions for Decertification.

**8.     Magistrate Jurisdiction**

The Parties have not agreed to submit the matter to the jurisdiction of a U.S. Magistrate Judge.

**9.     Trial date**

The Parties foresee a potential trial will occur in April 2024, but request the Court postpone setting a trial date until after the Court's ruling on motions and cross-motions regarding class and/or collective certification.

**10.     Other Matters**

Plaintiff has stipulated to dismissal of Plaintiffs' Pennsylvania Equal Pay Law and punitive damages claims. *See* ECF No. 13.

Dated:  April 25, 2023                                       *For Plaintiffs:*
                                                            */s/ Marc E. Weinstein, Esquire*
                                                            Marc E. Weinstein, Esquire (ID No. 79474)
                                                            **WEINSTEIN LAW FIRM, LLC**
                                                            500 Office Center Drive, Suite 400
                                                            Fort Washington, PA 19034
                                                            Telephone: (267) 513-1942
                                                            Email: marc@meweinsteinlaw.com

                                                            Vincent J. Pentima, Esquire (ID No. 18523)
                                                            **PENTIMA LAW FIRM, PLLC**
                                                            507 Jennifer Drive
                                                            Dresher, PA 19025
                                                            Telephone: (267) 670-2796
                                                            Email: vjp@pentimalaw.com

Dated:  April 25, 2023                                       *For Defendant:*

                                                            */s/Meredith S. Dante*
                                                            Meredith S. Dante (ID No. 209119)
                                                            Elizabeth K. McManus (ID No. 210274)
                                                            dantem@ballardspahr.com

14

mcmanuse@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant County of Delaware*