IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONI LEE CAVANAGH, ESQUIRE,**<br>**DENISE McCRAE, ESQUIRE,**<br>**NICHOLENA RUSHTON, ESQUIRE,**<br>Individuals, by and on behalf of<br>themselves and all persons similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**COUNTY OF DELAWARE,**<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO.<br>2:22-CV-03174-JMY |

## ORDER

And now, this _____ day of _____, 2023, upon consideration of the Motion of Defendant the County of Delaware (the "County") to certify this Court's October 6, 2023 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the County's Memorandum of Law in Support, and all responses and replies thereto, it is hereby **ORDERED** as follows:

1. The County's Motion is **GRANTED**;

2. The Court's October 6, 2023 Order (ECF No. 23) is **CERTIFIED** to the United States Court of Appeals for the Third Circuit for review under 28 U.S.C. § 1292(b), because the Court is of the opinion that the Court's Order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and as to which an immediate appeal may materially advance the ultimate termination of the issue.

3. The following issue is **CERTIFIED** for review:

   Whether, as a matter of law, the "continuing violation" doctrine allows a plaintiff to recover damages for pay-related claims arising under the Equal Pay Act that accrued outside of the Act's three-year maximum statute of limitations.

4.     All discovery and other proceedings are **STAYED** pending appeal.

BY THE COURT:

_____
Roberts Perez, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONI LEE CAVANAGH, ESQUIRE,** **DENISE McCRAE, ESQUIRE,** **NICHOLENA RUSHTON, ESQUIRE,** Individuals, by and on behalf of themselves and all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **COUNTY OF DELAWARE,** <br><br> Defendant. | CIVIL ACTION NO. 2:22-CV-03174-JMY |

**DEFENDANT'S MOTION TO CERTIFY ORDER FOR**
**INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant the County of Delaware (the "County"), by and through undersigned counsel, hereby moves this Court to certify for interlocutory appeal the portion of its Order dated October 6, 2023 (ECF No. 23) denying the County's Motion to Dismiss as to Plaintiffs' pay-related claims under the Equal Pay Act arising prior to August 9, 2019 (*i.e.*, prior to the Act's maximum three-year statute of limitations period). The County also moves this Court to stay discovery and other proceedings pending appeal. *See* 28 U.S.C. § 1292(b). The reasons supporting this Motion are set forth in the accompanying Memorandum of Law in Support.

Dated: October 16, 2023

Respectfully submitted,

*/s/ Meredith S. Dante*
Meredith S. Dante (ID No. 209119)
Elizabeth K. McManus (ID No. 210274)
dantem@ballardspahr.com
mcmanuse@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
*Attorneys for Defendant County of Delaware*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONI LEE CAVANAGH, ESQUIRE,** **DENISE McCRAE, ESQUIRE,** **NICHOLENA RUSHTON, ESQUIRE,** Individuals, by and on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF DELAWARE,**<br><br>Defendant. | CIVIL ACTION NO. 2:22-CV-03174-JMY |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant the County of Delaware (the "County") respectfully submits this brief in support of its motion requesting that this Honorable Court, pursuant to 28 U.S.C. § 1292(b), certify for interlocutory appeal the Court's October 6, 2023 Order (ECF No. 23) denying the County's motion to dismiss Plaintiffs' demand for damages for pay-related claims under the Equal Pay Act ("EPA") that accrued prior to August 9, 2019,[1] and asking the Court to stay all proceedings in this matter pending resolution of that appeal.

**I.  INTRODUCTION**

The core of Plaintiffs' putative class and collective action Complaint filed against the County is that they were paid less than similarly-situated male attorneys for comparable work. In the absence of willfulness, the statute of limitations applicable to Plaintiffs' EPA claims is two years and, should there be a finding of a willful violation, the statute of limitations may be extended to three years. *See* 29 U.S.C. § 255(a). In its prior motion, ECF No. 10, the County

---

[1] Defendants do not seek interlocutory appeal of the Court's Order as to Plaintiff's claims arising under any other statute.

argued that recovery for Plaintiffs' EPA claims that occurred before August 2019 is barred because the continuing violation doctrine does not apply to EPA claims as a matter of law; indeed, to hold otherwise would necessarily nullify the FLSA's applicable statute of limitations in every single EPA case, and there is no evidence that this was Congress' intent. By denying the County's motion on this purely legal issue (that will not be affected by discovery), the Court necessarily held that the continuing violation does apply to EPA claims. That ruling is ripe for interlocutory review by the Third Circuit.

The County asks this Court to recognize that its October 6, 2023 Order (the "October 6 Order") involves a controlling question of law as to which there is substantial ground for difference of opinion, the immediate resolution of which would substantially advance the ultimate resolution of this case. Such non-final orders are appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and applicable case law in this Circuit where the order: (1) involves a controlling question of law; (2) for which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation. As all three statutory criteria are satisfied here, prompt Third Circuit review is appropriate.

First, this Court's Order involves a controlling question of law regarding the period of recovery available to a plaintiff asserting claims for back pay under the Equal Pay Act—namely whether the "continuing violation" doctrine can be applied to allow recovery for claims accruing outside the two- or three-year limitations period set in 29 U.S.C. § 255(a). Resolution of this question—solely an issue of law (not fact)—has the potential to drastically reduce the time and expense to all parties and the Court. Moreover, this issue could lead to reversal on appeal should

the Third Circuit later agree that Plaintiffs should not be able to recover damages outside the applicable statutory of limitations period.

Second, there is also substantial ground for difference of opinion regarding the above controlling question of law. While the Third Circuit has never squarely addressed this question, its own Model Civil Jury Instructions limit recovery for Equal Pay Act claims to the § 255(a) limitations period in accord with Defendant's position and nearly every court to consider the question—including *six* different U.S. Circuit Courts of Appeals and at least one district court in the Third Circuit—has adopted Defendant's interpretation of the EPA recovery period.

Third, immediate resolution of these questions will materially advance the termination of this litigation by preventing substantial expenditures of time and expense for all parties and the Court in conducting potentially unnecessary discovery over a time period of more than twenty years, and will avoid a post-trial appeal on this issue that stands to significantly prolong this litigation.

In sum, the statutory requirements for interlocutory appeal are squarely satisfied and the Court should certify the October 6 Order so that the Third Circuit may determine, as a matter of law, whether the "continuing violation" doctrine allows a plaintiff to state a claim for damages for EPA claims accruing outside the maximum three-year limitations period set by 29 U.S.C. § 255(a).[2] Finally, in the interest of efficiency, this Court should also stay all discovery and further proceedings in this case pending the resolution of that appeal.

---

[2] While the County disputes Plaintiffs' allegations of willfulness, the maximum applicable statute of limitations remains three years from the date the Complaint is filed or an opt-in plaintiff consents to join the lawsuit.

## II.   ARGUMENT

### A.   Standard for Certification Pursuant to 28 U.S.C. § 1292(b).

The Interlocutory Appeals Act, 28 U.S.C. § 1292(b), permits immediate appeal from an order when three criteria are met: (1) the order involves a controlling question of law; (2) for which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation. *See, e.g.*, *Chao v. Roy's Const., Inc.*, 517 F.3d 180, 188 (3d Cir. 2008) (hearing appeal under Section 1292(b) and noting that the statute "permits an appellate court to grant immediate interlocutory review when a district judge states in writing" that the statutory criteria are met).

Through the device of certification, Section 1292(b) seeks to prevent the harms and inefficiencies of deferring all review until final judgment by allowing interlocutory appeals from orders with a potential for causing a wasted and protracted trial. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974). All three criteria for interlocutory review are met here. For the reasons set forth below, this case presents an exceptional case justifying an intermediate interlocutory appeal.

### B.   The October 6 Order Involves a Controlling Question of Law.

This Court's October 6 Order implicates a controlling question of law regarding whether the "continuing violation" doctrine permits an Equal Pay Act plaintiff to recover for claims accruing outside the two- or three-year limitations period set forth in 29 U.S.C. § 255(a). A "controlling question of law" for purposes of Section 1292(b) is one that, if decided erroneously, "would be reversible error on final appeal" or is "serious to the conduct of the litigation either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754–55 (3d Cir. 1974). A controlling question of law should involve a question of "pure law" that an appellate court "can resolve quickly and cleanly without laboring over the record." *EEOC v. Hora, Inc.*, No. 03-cv-

4

1429, 2005 U.S. Dist. LEXIS 14855, at *8 (E.D. Pa. July 22, 2005). However, a controlling question of law "need not be determinative of any claim on the merits, and a possible reversal of the relevant order need not terminate the litigation." *Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 U.S. Dist. LEXIS 15815, at *9 (E.D. Pa. July 29, 2005) (citing *Katz*, 496 F.2d at 755). One "highly relevant factor" on a practical level is the "saving of time of the district court and of expense to the litigants." *Id.* (quoting *Katz*, 496 F.2d at 755); *see also id.* ("[A] controlling question of law is one that 'has the potential of substantially accelerating disposition of the litigation'" (quoting 19 MOORE'S FEDERAL PRACTICE P203.31[3] (3d ed. 2003))). "[A]llocations of court time" and "expense to the parties" are "sufficiently weighty" factors to find a controlling question of law. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 478 F. Supp. 889, 944 (E.D. Pa. 1979).

Here, Defendant's Motion to Dismiss presented a purely legal argument that the three-year maximum limitations period found in the Equal Pay Act, *see* 29 U.S.C. § 255(a), bars all of Plaintiffs' pay-related claims arising more than three years prior to the filing of the lawsuit (that is, before August 9, 2019). *See* Def.'s Br. at 10–11. Plaintiff responded, citing to *Cartee-Haring v. Central Bucks School District*, No. 21-cv-02587, 2022 U.S. Dist. LEXIS 197324 (E.D. Pa. Oct. 31, 2022), that the "continuing violation" doctrine applicable to certain types of employment claims also serves to allow EPA plaintiffs to recover for alleged pay disparities accruing outside the applicable statute of limitations, so long as "the last occurrence of discrimination" took place within the limitations period. *See* Pls.' Opp. at 14–16.

Whether the "continuing violation" doctrine allows a plaintiff to state claims and recover for them under the EPA where such claims accrued outside the statute of limitations is a clear controlling question of law. While the Court has not issued an opinion explaining its denial of

5

the County's Motion to Dismiss as to Plaintiffs' pre-2019 pay-based claims, by allowing Plaintiffs to proceed with these claims the Court has necessarily accepted Plaintiffs' position on this purely legal issue. Should the Third Circuit agree with Defendant on appeal after trial and find, *in line with every other Circuit to have addressed the issue,* that the "continuing violation" doctrine does not apply to EPA claims outside the limitations period, Plaintiffs' EPA claims accruing before August 9, 2019 would fail as a matter of law. Given that Plaintiffs assert these claims not just for themselves but on behalf of a putative class dating back more than 20 years, *see* Compl. ¶¶ 110–17; Pls.' Opp. at 16–17, eliminating these claims at the outset, rather than after extensive discovery and a "wasted and protracted trial," will both substantially accelerate the disposition of this matter and save significant time and expense for both the Court and the parties. Accordingly, this Court's October 6 Order involves a controlling question of law.

      **C.**    **There Is Substantial Ground for Difference of Opinion.**

There is a "substantial ground for difference of opinion" as required for certification under Section 1292(b) where, as here, a matter involves "'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Knipe v. SmithKlineBeecham*, 584 F. Supp. 2d 553, 599 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). "In other words, substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." *Id.* (citing *Bradburn*, 2005 U.S. Dist. LEXIS 15815 at *12). "Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion." *Id.* at 600. "This prong is met when there is a divergence of opinion within a district, a conflict between different districts or where there is a split in the Circuits." *In re Cargill Meat Sols. Wage & Hour Litig.*, No. 3:06-cv-00513, 2008 U.S. Dist. LEXIS 137599, at *26 (E.D. Pa. July 11, 2008) (citing *Kolbeck v. Gen. Motors Corp.*, 702 F. Supp. 532, 534 n.1 (E.D. Pa. 1989)). In addition, "the absence of controlling law on an issue" can also provide a

6

substantial ground for difference of opinion. *Knipe*, 584 F. Supp. 2d at 600. "Issues of first impression can present substantial grounds for difference of opinion." *Peace Church Risk Retention Group v. Johnson Controls Fire Prot. LP*, No. 19-5377, 2021 U.S. Dist. LEXIS 165615, at *6 (E.D. Pa. Sep. 1, 2021) (citing *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 U.S. Dist. LEXIS 29692, at *10 (E.D. Pa. Mar. 23, 2011)).

This case presents an issue of first impression for the Third Circuit because it has never squarely ruled on whether a plaintiff may recover for EPA claims accruing outside the § 255(a) statute of limitations.[3] To the extent jury instructions provide useful context for the Circuit's approach to an issue, its model jury instructions are consistent with the County's argument that the Equal Pay Act provides for a recovery period of three years, at most. *See* U.S. Court of Appeals for the Third Circuit, *Instructions for Sex Discrimination Claims Under the Equal Pay Act* § 11.3.2 (last updated Aug. 2020).[4] Specifically, regarding EPA back pay for non-willful violations, the Model Civil Jury Instructions provide that if the jury finds EPA liability, it should award damages "during the period starting [two years before the date the lawsuit was filed]

---

[3] Plaintiffs' Opposition to Defendant's Motion to Dismiss relies exclusively on the decision in *Cartee-Haring v. Central Bucks School District*, in which a court in this district applied the "continuing violation" theory to allow plaintiffs to assert claims for pay periods outside the EPA statute of limitations. *See* Pls.' Opp. at 14–16. *Cartee-Haring*, in turn, relies entirely on *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834 (3d Cir. 1992). *See Cartee-Haring*, 2022 U.S. Dist. LEXIS 197324 at *6–7. But, *Miller*'s primary holding was that the EPA statute of limitations does not operate to bar a plaintiff's claims *entirely* when the *first* instance of pay discrimination falls outside the limitations period. *See Miller*, 977 F.2d at 843–44. As the *Miller* court noted, its purpose was to prevent "perpetual wage discrimination by an employer whose violation of the Equal Pay Act had already lasted without attack for over two years." *Id.* at 843 (quoting *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973)). The *Miller* court did not explicitly consider, nor is it clear that any party argued, that the EPA statute of limitations might allow the plaintiff in that case to *recover* for some pay periods but not others. The *Cartee-Haring* court's use of *Miller* is not accurate and contradicts the Third Circuit's own Model Civil Jury Instructions, as well as every other circuit to have considered the matter.

[4] Available at https://www.ca3.uscourts.gov/sites/ca3/files/11_Chap_11_2020_August.pdf.

through the date of your verdict." *Id.* (brackets in original). As the Comment to that section explains, "The Equal Pay Act provides *recovery for two years of wage differential* if the defendant's violation was non-willful; it *extends the recovery of damages to a third year* if the defendant's violation is willful." *Id.* (emphasis added) (citing 29 U.S.C. § 255(a)). "In other words, [plaintiff] is entitled to damages for an extra year if she proves that [defendant's] violation was willful." *Id.* § 11.3.3 (brackets in original). These instructions align with the County's interpretation of § 255(a); they are completely incompatible with Plaintiffs' "continuing violation" theory allowing for unlimited recovery back to the beginning of time so long as one act of allegedly discriminatory pay falls within the limitations period.

The County's understanding of the EPA statute of limitations, beyond being reflected in the Third Circuit's Model Civil Jury Instructions, is also in accord with *every other Circuit Court of Appeals to have considered the question* in finding that the "continuing violation" doctrine does not allow recovery for allegedly discriminatory paychecks received outside the limitations period. *See EEOC v. McCarthy*, 768 F.2d 1, 3 n.4 (1st Cir. 1985) (applying "limit for compensation" at two years prior to filing of the complaint for non-willful violation); *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 119 (2d Cir. 1997) ("[B]ack pay cannot be recovered under the Equal Pay Act for salary differentials outside the limitations period."); *Brinkley-Obu v. Hughes Training*, 36 F.3d 336, 351 (4th Cir. 1994) ("Brinkley-Obu is allowed to recover only those damages that accrued during the two years prior to the date she filed her Equal Pay Act claim pursuant to 29 U.S.C. § 255(a)."); *Gandy v. Sullivan Cty.*, 24 F.3d 861, 865 (6th Cir. 1994) ("[T]he plaintiff should not be allowed to collect for damages outside the three-year limitations period."); *Ashley v. Boyle's Famous Corned Beef Co.*, 66 F.3d 164, 168 (8th Cir. 1995) ("Relief back to the beginning of the limitations period strikes a reasonable balance between permitting

redress of an ongoing wrong and imposing liability for conduct long past."); *EEOC v. Cent. Kan. Med. Ctr.*, 705 F.2d 1270, 1274 (10th Cir. 1983) ("Under [§ 255(a)] an employee may recover back wages for up to three years prior to the filing of a suit if the violation is willful, but only for up to two years otherwise."). It is also in accord with at least one district court in the Third Circuit. *See Lauterborn v. R & T Mech., Inc.*, No. 4:CV-05-0541, 2006 U.S. Dist. LEXIS 2138, at *9–10 (M.D. Pa. Jan. 3, 2006) (explicitly rejecting "continuing violation" theory and holding that "the period for which Lauterborn may recover, if at all, is limited to the two years preceding the filing of her complaint.").

As these courts explain, the "continuing violation" doctrine has no relevance to the recovery period for claims of allegedly discriminatory pay because these claims

> involve[] a series of discrete, individual wrongs rather than a single and indivisible course of wrongful action. . . . Under this view, each continuation or repetition of the wrongful conduct may be regarded as a separate cause of action for which suit must be brought within the period beginning with its occurrence. . . . [R]ecovery for pay differentials prior to the limitations period is barred irrespective of subsequent similar timely violations."

*Pollis*, 132 F.3d at 119 (internal citation and quotation omitted); *see also Gandy*, 24 F.3d at 865 ("In sum, because each unequal paycheck is considered a separate violation of the Equal Pay Act, a cause of action may be brought for any or all violations occurring within the limitations period (three years) immediately prior to commencement of the action."); *Lauterborn*, 2006 U.S. Dist. LEXIS 2138 at *10 ("The continuing violation theory relates to when a plaintiff is required to file her lawsuit <u>after</u> an alleged violation of the Equal Pay Act has occurred. There is no authority to support Lauterborn's proposition that the continuing nature of the violation alters the standard two-year period set forth in the statute."). Thus, given that at least six Circuit Courts of Appeals, a sister court in this Circuit, and the Third Circuit's own Model Civil Jury Instructions follow Defendant's understanding of § 255(a)—and reject Plaintiffs'—there is "substantial

9

ground for difference of opinion" on the issue for which the County seeks an interlocutory appeal.

### D.     Immediate Appeal May Materially Advance the Termination of this Case.

The third and final element of § 1292(b), that "an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation," is readily met here as well. Courts within this District have recognized that the requirement that an immediate appeal materially advance the termination of the litigation "is 'closely tied to the requirement that the order involve a controlling question of law.'" *See Hall v. Wyeth,* No. 10-738, 2010 U.S. Dist. LEXIS 128168, at *5 (E.D. Pa. Dec. 2, 2010) (citing 16 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3930, 423 (2d ed. 1996)); *Nationwide,* 2011 U.S. Dist. LEXIS 29692 at *10 (same). "In assessing the requirement of a likelihood of materially advancing the ultimate termination of the litigation, 'the district court's opinion about settlement possibilities, about the potential length of a possibly avoidable trial, and similar matters' is crucial." *Russ-Tobias v. Pa. Bd. of Prob. & Parole*, No. 04-270, 2006 U.S. Dist. LEXIS 8062, at *101 (E.D. Pa. Mar. 2, 2006) (quoting *Katz*, 496 F.2d at 754).

Because the parties have not yet begun formal discovery, an interlocutory appeal would streamline discovery and additional proceedings, eliminating unnecessary expense and effort for the parties and the Court. *See, e.g.*, *Hall*, 2006 U.S. Dist. LEXIS 128168, at *6; *In re Managed Care Litig.*, MDL No. 1334, 2002 U.S. Dist. LEXIS 28282, at *9 (S.D. Fla. Mar. 26, 2002) (finding that "certification . . . would materially advance the termination of the litigation because the scope of future discovery, motion practice and trial activities would be limited significantly if the Order were reversed"); *Sims v. First Horizon Nat'l Corp.*, No. 08-2293-STA-cgc, 2010 U.S. Dist. LEXIS 28322, at *14 (W.D. Tenn. Mar. 22, 2010) ("An interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure

to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties."). The potential of an interlocutory appeal to reduce expenses and conserve judicial resources is magnified in the class / collective action context in which the parties and the Court will be forced to invest significant energy in class-wide discovery issues.

As courts have recognized, an interlocutory appeal may still achieve substantial efficiencies and advance the termination of the litigation even when, as here, it does not involve all of the claims in the case. *See, e.g.*, *Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, No. 13-284, 2014 U.S. Dist. LEXIS 108820, at *18 (E.D. Pa. Aug. 7, 2014) (granting certification motion even though doing so would not affect the need for a trial); *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. Bankr. 2007) ("While a reversal of the December 8 Order does not, by itself, terminate this litigation, it would resolve a large portion of the litigation without wasting the scarce resources of the Bankruptcy Court and the parties."). Interlocutory review will facilitate efficient treatment of the litigation going forward and materially advance its termination. Indeed, the range of potential damages in this case—and therefore the likelihood of settlement in this matter—is impacted enormously by whether or not the continuing violation theory applies in the context of an EPA claim. *See* Explanation & Order at 4, ECF No. 89, *Kyriakopoulos v. Maigetter*, No. 21-3887 (E.D. Pa. June 5, 2023) (granting motion to certify for appellate review and considering that "resolution of this question might have an impact on settlement possibilities, which could hasten the termination of the litigation").[5]

As this litigation currently stands, based on the Court's ruling on the County's Motion to Dismiss, Plaintiffs may be able to seek damages for allegedly underpaid wages reaching as far back as 2000. However, unlike in a discriminatory pay claim pursuant to Title VII, the EPA

---

[5] Attached hereto as Exhibit 1.

11

permits an award of liquidated damages equal to 100% of an award for underpaid wages, with no applicable cap. *See* 29 U.S.C. § 216(b). This means that, should the continuing violation doctrine apply to Plaintiffs' EPA claim in the manner they have suggested, Defendant's unwarranted exposure would not just be for the amount allegedly underpaid wages dating all the way back to 2000—more than 23 years—but potentially for double that amount.

In addition, because Defendant is staunch in its position that applying the continuing violation doctrine to Plaintiffs' EPA claim is contrary to controlling law, it will inevitably appeal this aspect of the Court's ruling to the Third Circuit should Plaintiffs succeed. Resolving this question now will eliminate one ground for a post-trial appeal that would otherwise serve to extend this litigation unnecessarily. *See* Ex. A at 4 (granting motion for certification for appellate review and citing that doing so would "eliminate one ground for a post-trial appeal that could result in protracted litigation."). Moreover, should Plaintiffs succeed on their EPA claims and be awarded attorneys' fees for the same, and should Defendant be successful on its eventual appeal, it would be nearly impossible to fairly parse out what time Plaintiffs' attorneys had spent on discovery efforts related to the EPA claim dating all the way back to 2000 versus discovery efforts focused only on the appropriate time period. Again, this would result in an unfair waste of time and resources, potentially prejudicial to both parties, that militates in favor of certification. For all of these reasons, an immediate appeal may materially advance the termination of the litigation.

### E. Discovery and Further Proceedings Should Be Stayed Pending Appeal.

Finally, in addition to certifying the question of whether a plaintiff may recover for EPA claims accruing outside the limitations period to the Third Circuit, and for many of the same reasons, the Court should stay all discovery and any other proceedings in this case pending resolution of that interlocutory appeal.

The interlocutory appeal statute provides that a court may, as an exercise of discretion, stay proceedings in a case subject to interlocutory appeal. *See* 28 U.S.C. § 1292(b). The Court should exercise that discretion here. Since one of the primary benefits associated with resolving the controlling question of law at issue here is the prevention of twenty years' worth of potentially unnecessary discovery, it makes little sense to certify the question for appeal and then nonetheless proceed with that discovery while the appeal is pending. District courts within the Third Circuit have routinely granted a stay when certifying an order for interlocutory appeal under 28 U.S.C. § 1292(b). *See, e.g.*, *Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F.Supp. 3d 107, 119–20 (M.D. Pa. 2021) (collecting cases); *Sayles v. Allstate Ins. Co.*, No. 3:16-CV-01534, 2017 U.S. Dist. LEXIS 108862, at *8 (M.D. Pa. July 13, 2017); *United States ex rel. Brown v. Pfizer, Inc.*, No. 05-6795, 2017 U.S. Dist. LEXIS 96291, at *14 (E.D. Pa. June 22, 2017); *Lupian v. Joseph Cory Holdings, LLC*, No. 2:16-05172, 2017 U.S. Dist. LEXIS 62028, at *8 (D.N.J. Apr. 24, 2017).

### III.   CONCLUSION

For the foregoing reasons, Defendant the County of Delaware respectfully requests that the Court certify its October 6, 2023 Order for interlocutory appeal.

Dated: October 16, 2023

Respectfully submitted,

*/s/ Meredith S. Dante*
Meredith S. Dante (ID No. 209119)
Elizabeth K. McManus (ID No. 210274)
dantem@ballardspahr.com
mcmanuse@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant County of Delaware*

13

## CERTIFICATE OF SERVICE

I, Meredith S. Dante, hereby certify that a true and correct copy of the foregoing Motion to Certify Order for Interlocutory Appeal, along with the Proposed Order and Memorandum of Law in Support, was filed electronically on the date noted below and is available for viewing and downloading from the ECF system.

Dated: October 16, 2023  /s/ *Meredith S. Dante*
Meredith S. Dante