# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXIS KYRIAKOPOULOS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 21-3887 |
| v. | : | |
| | : | |
| ROBERT Z. MAIGETTER, et al., | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## EXPLANATION AND ORDER

On May 12, 2023, Defendant Robert Z. Maigetter filed a Motion to Certify the Court's May 8, 2023 Explanation and Order for Interlocutory Appeal (ECF No. 81). On May 16, the Court ordered Plaintiff Alexis Kyriakopoulos to show cause why the Court should not grant Defendant Maigetter's Motion (ECF No. 82). Upon consideration of Defendant Maigetter's Motion, and Plaintiff's Memorandum of Law in Opposition (ECF No. 85), the Court finds that its May 8, 2023 Explanation and Order (ECF No. 78, attached as Exhibit "A") meets the requirements for appellate review pursuant to 28 U.S.C. § 1292(b).

Certification for immediate review of an order pursuant to 28 U.S.C. § 1292(b) is proper where: (1) the order to be appealed involves a controlling question of law; (2) there is substantial ground for difference of opinion on that

1

question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003) (citing 28 U.S.C. § 1292(b)).

A controlling question of law includes questions that are sufficiently serious to the conduct of the litigation. *See Amerisourcebergen Drug Corp. v. Meier*, No. 03-CV-6769, 2005 WL 2645000, at *3 (E.D. Pa. Oct. 14, 2005) (quoting *Katz v. Carte Blanche Corp*, 496 F.2d 747, 755 (3d Cir. 1974)). Here, Plaintiff filed a Motion to Overrule Objections to Written Discovery (ECF No. 42) that were made on the basis of attorney-client privilege. The Court granted Plaintiff's motion in part on the basis that some of the privileged written communications fell under the "testamentary exception." In *Glover v. Patten*, 165 U.S. 394, 406 (1897), the Supreme Court found that "in a suit between devisees under a will, statements made by the deceased to counsel respecting the execution of the will, or other similar document, are not privileged." The rationale behind the testamentary exception is "that it furthers the client's intent" after the client is deceased and cannot speak for herself. *Swidler & Berlin v. United States*, 524 U.S. 399, 406 (1998).

In its May 8 Explanation and Order, this Court found that the testamentary exception applied to certain written communications withheld by the Defendants. The documents in question discuss statements made by Barbara J. Berot, deceased,

respecting the execution of her estate. The rationale behind the testamentary exception is that disclosure furthers the deceased's intent. Accordingly, the Court found that that rationale weighed in favor of the exception's application in this instance. *See* ECF No. 78 at 2.

The Court's May 8, 2023 Explanation and Order involves a controlling question of law – namely, whether the testamentary exception applies only to communications made by the deceased; or, additionally, to communications made by others which discuss statements made by the deceased and are probative of the deceased's intent. This question is sufficiently serious to the conduct of the litigation because the communications at issue are likely to play a substantial role at the summary judgment and trial stages.

Next, there is substantial ground for difference of opinion on this issue because there is an absence of controlling authority. *See Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-CV-281, 2011 WL 1044864 at *3 (E.D. Pa. Mar. 23, 2011). The Court has not located any authority, controlling or otherwise, that addresses whether the testamentary exception may apply to communications made by someone other than the deceased herself. Accordingly, there is substantial ground for difference of opinion.

Lastly, an immediate appeal from the Court's order may materially advance the ultimate termination of the litigation in several ways. An interlocutory appeal

would define the scope of evidence to be considered at the summary judgment and trial stages, and eliminate one ground for a post-trial appeal that could result in protracted litigation, including the possibility of a second trial. Additionally, resolution of this question might have an impact on settlement possibilities, which could hasten the termination of the litigation.

**AND NOW,** this 5th day of June, 2023, for the reasons stated above, it is **ORDERED** that the Court's May 8, 2023 Explanation and Order (ECF No. 78) is certified for appellate review pursuant to 28 U.S.C. § 1292(b). Defendant Maigetter may file a petition for appeal with the United States Court of Appeals for the Third Circuit.

                                                    S/Anita B. Brody_____

                                                    ANITA B. BRODY, J.

Copies **VIA ECF**

# EXHIBIT "A"

5

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALEXIS KYRIAKOPOULOS,
    Plaintiff,

v.

ROBERT Z. MAIGETTER, *Individually
And as Executor of the Estate of Barbara
J. Berot, Deceased*,
SARAH A. EASTBURN, *Esquire*, and
EASTBURN & GRAY, P.C.,
    Defendants.

CIVIL ACTION
NO. 21-3887

### EXPLANATION AND ORDER

**AND NOW**, this **8th day** of **May, 2023**, upon consideration of Plaintiff Alexis Kyriakopoulos's Motion to Overrule Objections to Written Discovery (ECF No. 42), and in camera review of the documents in question, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

- In *Glover v. Patten*, 165 U.S. 394, 406 (1897), the United States Supreme Court recognized the existence of the "testamentary exception" to the attorney-client privilege, finding that "in a suit between devisees under a will, statements made by the deceased to counsel respecting the execution of the will, or other similar document, are not privileged."

  Documents E&G00181, E&G00182, E&G00183, E&G00184, E&G00333, E&G00510, E&G00511, E&G00518, E&G00531, E&G00532, E&G00616, and E&G00636 fall under the testamentary exception because

they discuss "statements made by the deceased," Barbara J. Berot, "to counsel," Sarah Eastburn, "respecting the execution of the will." Because the decedent's will explicitly refers to an intended transfer of the property at issue in this litigation, these documents respect the execution of decedent's will, as well as the execution of the joint estate plan prepared by Defendant Sarah A. Eastburn for the decedent and Defendant Robert Z. Maigetter. The rationale behind the testamentary exception, "that it furthers the client's intent" after the client is deceased and cannot speak for herself, weighs heavily in favor of its application in this instance. *See Swidler & Berlin v. U.S.*, 524 U.S. 399, 406 (1998).

Accordingly, Defendants must produce to Plaintiff **on or before Friday, May 12, 2023** Documents E&G00181, E&G00182, E&G00183, E&G00184, E&G00333, E&G00510, E&G00511, E&G00518, E&G00531, E&G00532, E&G00616, and E&G00636.

- All other redacted and withheld documents identified on the privilege log provided to the Court fall under the attorney-client privilege, and are not subject to any exemption or waiver.

The scope of this Order is expressly limited to deciding whether the attorney-client privilege applies to the documents in dispute. The Court's decision should in no way be construed as a decision on the merits as to

whether an effective transfer of the property at issue took place, or whether an enforceable contract to transfer the property was created.

                                          ___***S/Anita B. Brody***___
                                          ANITA B. BRODY, J.

Copies **VIA ECF**                        **Copies mailed** _____ **to:**