IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAVANAGH, et al** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **COUNTY OF DELAWARE** | : | **NO. 22-3174** |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this 8th day of November, 2023, upon consideration of Defendant County of Delaware's Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF Doc. No. 24), Plaintiff's opposition thereto (ECF No. 27), and Defendant's Reply (ECF No. 29), it is hereby **ORDERED** that Defendant's motion is **DENIED** for the reasons that follow.

1. On October 6, 2023, this Court denied Defendant's motion to dismiss Plaintiff's request for damages based on the pay-related claims under the Equal Pay Act ("EPA") which accrued outside the two- or three-year statute of limitations set forth in 29 U.S.C. § 255(a).

2. In the instant motion, Defendant proposes a single issue for §1292(b) certification: whether the "continuing violation" doctrine permits an EPA plaintiff to recover for claims accruing outside the two or three-year limitations period set forth in 29 U.S.C. § 255(a). (ECF No. 24 at 4).

3. 28 U.S.C. §1292(b) recognizes the "need for prompt review of certain nonfinal orders," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978), by establishing a mechanism for interlocutory review of difficult, potentially dispositive matters of law.

4. In general, a matter may not be appealed to a court of appeals until a final judgment has been rendered by the district judge. 28 U.S.C. § 1291. The party seeking certification must establish that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *Rottmund v. Cont'l Assurance Co.*, 813 F.Supp. 1104, 1112 (E.D. Pa. 1992) (Huyett, J.).

5. Certification for immediate review of an order pursuant to 28 U.S.C. § 1292(b) is proper where: (1) the order to be appealed involves a controlling question of law; (2) there is substantial ground for difference of opinion on that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003) (citing 28 U.S.C. § 1292(b)).

6. Even where all the above statutory conditions for interlocutory certification are satisfied, the decision to certify remains in the discretion of the district court. *Delaware Valley Toxics Coalition v. Kurz-Hastings, Inc.,* 813 F. Supp. 1132, 1142 (E.D.Pa. 1993).

7. Recognizing a presumption against interlocutory certification, the Third Circuit has noted: "It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the

court of appeals are to exercise independent judgment in each case and are not to act routinely." *Milbert v. Bison Labs., Inc.,* 260 F.2d 431, 433 (3d Cir. 1958).

8. In denying the Defendant's motion to dismiss, this Court found that Plaintiffs pled sufficient facts to advance their claim that the unequal payment of female public defenders from 2000 to the present constituted a "continuing violation" such that plaintiffs and similarly situated employees may raise EPA claims outside the statutory maximums.

9. Claims arising under the EPA must be filed within two years of accrual of the cause of action, except in cases of willful violations, in which the limitations period is three years. 29 U.S.C. § 255(a). Plaintiffs allege sex-based pay discrimination far beyond the two- or three-year statute of limitations, arguing that the continuing violation theory allows for recovery outside the limitations period.

10. "In employment discrimination suits, the proper focus of the statute of limitations inquiry is on the time of the discriminatory act, not the point at which the consequences of the act become painful. **However, if the alleged discriminatory conduct is a 'continuing violation' the statute of limitations begins to run on the date of the last occurrence of discrimination, rather than the first.**" *Miller v. Beneficial Mgmt. Corp.,* 977 F.2d 834, 842 (3d Cir. 1992) (emphasis added).

11. This Court agrees with Judge Baylson's analysis of how *Miller'*s continuing violation doctrine is applied to EPA claims in the context of a collective action. *See Cartee-Haring v. Central Bucks School District* (E.D. Pa. C.A. No. 20-cv-01995, ECF No. 91) (denying certification for an interlocutory appeal on district court's decision to grant final certification of plaintiff's EPA claim to proceed as a collective action).

12. Whether the EPA claims constitute a continuing violation may be a question of fact at summary judgment, collective certification, or trial but does not amount to a controlling question of law for purposes of interlocutory certification of an order denying Defendant's motion to dismiss at the pleading stage.

13. An immediate appeal will not advance the ultimate termination of this litigation as the bulk of the litigation is not resolved by this statute of limitations question. The discovery pertinent to the other employment discrimination claims at play in this case will significantly overlap with the question of whether the Plaintiff's EPA claims can prevail under a continuing violation theory. Furthermore, this Court retains authority to limit the scope of the discovery where appropriate.

14. Because this Court is denying Defendant's request to certify the previous order for interlocutory appeal, there is no justification for a stay of the proceedings. Therefore, that request is also **DENIED**.

BY THE COURT:

_____

Hon. Mia R. Perez